UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH STECK,

           Plaintiff,

  v.

NURSE KEPPLER,

           Defendant.

Case No. C15-532 RAJ-BAT

**REPORT AND RECOMMENDATION**

Plaintiff Joseph Steck, a pro se prisoner, filed an "objection" to the District Court's Order (Dkt. 28) denying plaintiff's motion for waiver of filing fee. Dkt. 29. Plaintiff requests that the Court "repair his mistake and reverse its decision 'Dismiss with prejudice,' and to reapply its true intention as a 'Request to leave to Amend his complaint and to seek proper legal representation.'" Dkt. 29. The Court interprets the filing as a motion for reconsideration and for the reasons set forth herein, recommends that the motion be denied.

**BACKGROUND**

On April 2, 2015, plaintiff filed a motion for leave to proceed *in forma pauperis* and proposed 42 U.S.C. § 1983 complaint. The Court granted *in forma pauperis* status and directed service of the complaint. Dkts. 4 and 5. Defendant timely appeared and filed an answer to the complaint. Dkts. 7 and 8. The Court set the discovery deadline for December 8, 2015 and

REPORT AND RECOMMENDATION - 1

1  dispositive motions deadline for February 8, 2016.  Dkt. 9.  On December 21, 2015, the Court

2  granted plaintiff's motion to extend the discovery deadline.  Dkt. 11.

3        On February 4, 2016, defendant filed and served plaintiff with her motion for summary

4  judgment and notice of the filing of a dispositive motion.  Dkts. 12 and 13.  On March 9, 2016,

5  plaintiff filed an unsigned and undated motion to voluntarily dismiss this action without

6  prejudice "to seek legal advice and council."  Dkt. 14.  Plaintiff did respond to the motion for

7  summary judgment.

8        Defendant Keppler did not oppose dismissal but requested that it the dismissal be with

9  prejudice.  Dkt. 15.  Plaintiff filed no reply.  Even though plaintiff's motion to voluntarily

10  dismiss was unsigned and undated, the Court gave plaintiff an opportunity to explain exactly

11  how he wished to proceed.  The Court directed plaintiff to notify the Court if he wished to

12  withdraw his motion and continue with his case.  Dkt. 16.  The Court also explained to plaintiff

13  that if he chose to proceed with the voluntary dismissal, the Court was inclined to recommend

14  dismissal with prejudice because the case has been pending for a year, plaintiff began and

15  pursued this action pro se, the discovery and dispositive deadlines had passed, and defendant had

16  expended effort and expense in preparing her summary judgment motion.  *Id.*  Despite being

17  given an opportunity to explain his motion or withdraw it to avoid the consequences of a

18  dismissal with prejudice, plaintiff chose not to respond to the Court's Order.

19        On May 17, 2016, the undersigned recommended that this case be dismissed with

20  prejudice.  Dkt. 17 ("R&R").  Plaintiff filed no objection.  Instead, he again filed an unsigned

21  motion – this time, to "waive collection of the remaining balance of the filing fee" in "this action

22  of dismissal."  Dkt. 18, p. 1.  The District Court adopted the R&R and dismissed the case with

23  prejudice.  Dkts. 19 and 20.

REPORT AND RECOMMENDATION - 2

On October 17, 2016, plaintiff filed a signed motion for waiver of civil filing fees. Dkt. 21. On March 20, 2017, plaintiff's motion was referred to the undersigned. On April 5, 2017, the undersigned recommended plaintiff's motion be denied. Dkt. 26 (R&R). On April 13, 2017, plaintiff filed unsigned and undated "Objection to Court's Order of Dismissal. Request to Re-Open Claim." Dkt. 27. On May 5, 2017, the District Court adopted the R&R and denied the motion for waiver of civil filing fees. Dkt. 28.

On May 31, 2017, plaintiff filed "Objection to Court's Order of Dismissal and Motion to Reopen Case." Dkt. 29. This time, plaintiff signed his objection. Plaintiff states that he made a mistake and his case should be reopened so that he can file an amended complaint and respond to defendant's summary judgment motion after he has sought "proper legal representation." Dkt. 29. Plaintiff does not provide a proposed amended complaint, does not explain why an amendment is required, and does not indicate whether he, in fact, has sought legal representation.

**DISCUSSION**

Motions for reconsideration are disfavored under the Court's local rules:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. CR 7(h)(1). Such motions are an "extraordinary remedy," and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted). Motions for reconsideration shall be filed within fourteen days after the order to which it relates is filed. CR 7(h)(2).

Plaintiff's motion is not timely and he fails to show manifest error in the Court's prior

REPORT AND RECOMMENDATION - 3

ruling, or new facts or legal authority that would warrant reconsideration of the Court's order. Plaintiff was given guidance and an opportunity to withdraw his voluntary dismissal and he chose not to respond. Plaintiff was given an opportunity to object to the R&R dismissing his case with prejudice and he chose not to respond. Instead, he asked for a waiver of the filing fees. Plaintiff was then given an opportunity to object to the R&R denying his motion for waiver of the filing fees, and he chose not to respond. Instead, plaintiff filed an unsigned and undated request to reopen his case.

Ten months after his case was dismissed with prejudice and twenty-six days after his motion to waive fees was denied, plaintiff asks that his case be re-opened. He states that it was his understanding that "he would be able to file the claim again only with properly educate [sic] legal counsel." Dkt. 29. However, even if the case had been dismissed without prejudice, plaintiff would have been required to file his claim in a separate action. He is still free do so.

## CONCLUSION

Plaintiff's motion to reopen this case (Dkt. 29) should be **DENIED.** Any objections to this Recommendation must be filed no later than **Wednesday, July 5, 2017.** The Clerk should note the matter for **Friday, July 7, 2017**, as ready for the District Judge's consideration if no objections are filed. Objections shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this  12th   day of June, 2017.

/s/ *signature*
BRIAN A. TSUCHIDA
United States Magistrate Judge